I'm Tim Warner for the appellant, Mr. Ayala Sanchez, and I'll reserve two minutes for rebuttal. I think that this Court has a duty to independently evaluate Mr. Ayala Sanchez's state claims, and this is under Kim v. Villa-Lobos. And if the Court conducts that inquiry, I think it is clear that their claims were sufficiently presented to apprise the State court of the factual and the legal theories that he was relying on. And I think that the Kim v. Villa-Lobos case is, what's interesting about that case is it's factually similar to this case. There are similarities in the claims. In the Kim case, he was alleging coercion and threats, and that is, in essence, what Mr. Ayala Sanchez has expressed in his State claim, that there was a hostile relationship between him and his attorney, that this frightened him. He referred to specific instances that were frightening to him. So applying Kim v. Villa-Lobos, I think these claims have been fairly presented to the Court. Counsel, the difficulty you have with your argument is the basis upon which the claims were dismissed in State court. Right. The California Supreme Court cited three cases. They cited Swain. They cited Duvall and Wesley. Now, Swain and Duvall I would characterize both as relating to pleading, problems with the pleading. Duvall may be more concerned about attaching affidavits and whatnot onto the pleading. However, Wesley relates to a failure to show that the person is in custody or in constructive custody. So I think that there's nothing more that Mr. Ayala Sanchez can do to exhaust his claims because the California Supreme Court has said, look at you, you're not in custody, you're not subject to constructive custody. But it's a pleading. It was a pleading deficiency, failure to plead, something that was required to state a claim. Right. The difficulty with your argument is if you have a pleading deficiency and it can't be corrected, then you haven't exhausted your State remedies because you could have gone back to the State court, repled the complaint, and then possibly proceeded with it. So that's why the district court said it was unexhausted. And, Your Honor, if I could respond, I think that under these circumstances, he can't go back to State court because he's living in Mexico. He's not in custody. He's not on parole and subject to parole restrictions. So there's no the Cal Supreme Court is not going to hear his argument. They're going to rely on Wesley. And I would also point out that in the California Supreme Court's denial, they did not state that it was denied without prejudice. I would suspect because of their citation to the Wesley case that this person, we can't hear his claim because he's out of custody. They don't always say without prejudice when they're doing it, do they? They're as vague as, unfortunately, some of our courts are. Yeah. People forget to leave out the without prejudice. But the presumption is if it's dismissed with nothing said, it is without prejudice. Correct. However, it was dismissed with citation to these cases, and one of the cases, as I pointed out, being really one, a case where the Supreme Court is saying, you can't, we can't consider your case because you're out of custody and you're not subject to parole restrictions. So I think it's just impossible for, there's nothing more we could do to present the claim to the California Supreme Court. So for that reason, I think that it is exhausted. I'll reserve any remaining time. Thank you. Good morning, Your Honor. It's Tammy Crenzen for the respondent, Warden Scribner. The California Supreme Court denied the claims for lack of particular, I'll say specificity, I can say that word a little easier, specificity and for lack of documentary evidence. And the Wesley case also talks about pleading requirements, requiring that the plaintiff's testimony be documented. And based on this, it was a procedural deficiency that could be remedied, and there wasn't a remedy left. He could either renew that petition, amend that petition to meet the pleading requirements. And Swain, in and of itself, said that it was a denial without prejudice to file a new petition. And this Court has also recognized that a Swain and Duval site are without prejudice to filing another petition. So he does have a remedy left. And he can go back and meet those pleading requirements. What may happen at this point is not relevant to the fact that he had the ability to amend. He didn't. And particularly that these claims are conclusory and lacked any evidentiary support. If the Court gives you leave to amend and you know that if you amend, you're not going to be entitled to relief, what then? We just treat it as we would say a trial court leave to amend. You better go back and say I'm not going to amend so they can dismiss you with prejudice. Or what should a person do with the California Supreme Court? I mean, let's assume he can't, he cannot amend. Let's take that as given. I don't know if that's true or not. Because there's no way to amend his way into custody. Well, first of all, if we don't know for sure that he can't amend or what the California Supreme Court would do with it, it is very possible he's untimely at this point. But he should go back and do that. And then when he gets a ruling. Now, in the event, I think the Kim case talks about a situation where you've done as much as you can and you go back. And then you can't be prevented from going to Federal court. But this is a different situation. He hasn't done as much. He hasn't alleged as much as practicable. And he needs to go back and do that to try to meet the pleading requirements and then proceed with what the California Supreme Court rules at that point. So he needs to go back to the California Supreme Court and say I'm in Mexico. I'm not in prison. I'm in Mexico. And I'm not on parole or probation. He has to plead that to the California Supreme Court. So then it can say, well, okay, we can't do anything. Is that correct? That's what he would say. Yes. Yes. Or maybe it changes his mind and say, you know, we decided to change our rule. Or maybe what he does is present the evidence that he needs to and explain to the court why he wasn't able to do that before or why he can't do that now. He's never told the court I couldn't provide the evidence, I couldn't plead these claims any more than I did. And when you look at the actual claims, first of all, the ineffective assistance of counsel claim, they even concede that there's no allegations regarding prejudice. They're conclusory claims that don't state what specifically the investigations could reveal and how that would impact the nature of his plea and what he would have done different. The other thing is, as far as the denial of counsel, certainly some of those claims may be alleged as specifically as Kim, but not all of them, particularly what happened at the hearing. And again, even those claims don't establish a complete denial of counsel, which is a separate issue, but certainly it fails to state a claim. Unless there's any further questions, we'll submit on that. It appears not. Thank you, counsel. As I was preparing last night, one term came to my mind, and for some reason it took me a while to think of it, exercise and futility. I think it would be an exercise in futility for him to go back and file a claim when he's living in Mexico, when he knows that the Court has already said, we can't hear your case because you're not in custody. I think it would be an exercise in futility. So I think he has, for that reason, basically run out what he could do in State court. And I think that, as I said, the claims, at minimum, Claim 1 is stated with sufficient particularity under the Kim decision. All right. Thank you. Colson, counsel's position is he should have played out the scenario and let the State tell him that he didn't have the ability to amend his complaint, rather than assuming that he didn't have the ability and bringing it, bringing an incomplete case to the Federal courts, because our obligation is to refrain from deciding cases until the State has had an opportunity to complete its review. And so as a procedural matter, it's difficult, you know, to, for us to accept the argument that it would have been futile until you go back to the State court and let the State court process run its course. My response to that is that what is different about the citation to Wesley is that it doesn't give, the California Supreme Court doesn't have a discretion to say, well, you know, thanks for coming back. I know you're out of custody and living in Mexico. But, you know, we might hear your claim anyway. Under the Wesley, the Wesley decision states that you have to be in custody or constructive custody. Wait a minute. The California Supreme Court is a Supreme Court, as I recall. Right. And you might be able to make a brilliant argument, Supreme Court, why in this unique instance, your concept of in custody just doesn't work. For example, aliens are taken from State prison directly and slammed out of the country and are therefore ipso facto deprived of habeas corpus. Gee, California Supreme Court, do you want the Feds to be able to do that to keep you from hearing cases? Who knows? Unless you plead it to them and give them the shot. I suppose. But in citing Wesley, I think they've already decided that point. So we'd sort of be running up the same flagpole that we've already been up before. If everyone took that approach, there would never be new case law because somebody has to challenge the status quo before the law has ever changed. Don't give up. All right. I won't give up. Thank you, Your Honor. Thank you. Thank you to both counsel. The case is argued and submitted for decision by the court.
judges: Wells, Fernandez, Rawlinson